# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FASHION G5 LLC,<br><br>                             Plaintiff,<br><br>               -against-<br><br>ALUC MARK ANSTALT, G. MARK INTERNATIONAL LIMITED, and BORRELLI LTD.,<br><br>                             Defendants.<br><hr>G. MARK INTERNATIONAL LIMITED,<br><br>                    Counterclaimant,<br><br>               -against-<br><br>FASHION G5 LLC, EAST 33RD REALTY LLC, JOSEPH J. SITT and DOES 1-20,<br><br>                    Counterdefendants. | Case No. 14 CIV 5719 (GHW)<br><br>**DEFENDANT G. MARK INTERNATIONAL LIMITED'S ANSWER AND COUNTERCLAIM** |

Defendant G.Mark International Limited ("G.Mark"), through its undersigned counsel, Lewis & Lin LLC, hereby answers the Amended Complaint of Plaintiff Fashion G5 LLC ("FG5"):

1.      Paragraph 1 contains characterizations of this lawsuit and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied except to admit that Plaintiff seeks the relief set forth therein.

2.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 2 of the Amended Complaint.

3.      Denies the allegations set forth in Paragraph 3 of the Amended Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 4 of the Amended Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 5 of the Amended Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 6 of the Amended Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 7 of the Amended Complaint.

8.      Denies the allegations set forth in Paragraph 8 of the Amended Complaint, except admit that G.Mark is a limited company organized and existing under the laws of the Republic of Ireland.

9.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 9 of the Amended Complaint.

10.      Denies so much of the allegations set forth in Paragraph 10 of the Amended Complaint as is inconsistent with referenced document, and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents.

11.      Denies so much of the allegations set forth in Paragraph 11 of the Amended Complaint as is inconsistent with referenced document, and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents.

12.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 12 of the Amended Complaint, except denies so much of the allegations set forth in Paragraph 12 of the Amended Complaint as is inconsistent with

referenced document, and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents.

13.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 13 of the Amended Complaint, except denies so much of the allegations set forth in Paragraph 13 of the Amended Complaint as is inconsistent with referenced document, and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents.

14.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 14 of the Amended Complaint, except denies so much of the allegations set forth in Paragraph 14 of the Amended Complaint as is inconsistent with referenced document, and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents.

15.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 15 of the Amended Complaint, except denies so much of the allegations set forth in Paragraph 15 of the Amended Complaint as is inconsistent with referenced document, and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents.

16.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 16 of the Amended Complaint, except denies so much of the allegations set forth in Paragraph 16 of the Amended Complaint as is inconsistent with referenced document, and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents.

17.     Denies knowledge or information sufficient to form a belief as to the truth of

allegations set forth in Paragraph 17 of the Amended Complaint, except denies so much of the allegations set forth in Paragraph 17 of the Amended Complaint as is inconsistent with referenced document, and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents.

18.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 18 of the Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 19 of the Amended Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 20 of the Amended Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 21 of the Amended Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 22 of the Amended Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 23 of the Amended Complaint.

24.     Denies the allegations set forth in Paragraph 24 of the Amended Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 25 of the Amended Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 26 of the Amended Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 27 of the Amended Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 28 of the Amended Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 29 of the Amended Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 30 of the Amended Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 31 of the Amended Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 32 of the Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 33 of the Amended Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 34 of the Amended Complaint.

35.     Denies the allegations set forth in Paragraph 35 of the Amended Complaint.

36.     Denies the allegations set forth in Paragraph 36 of the Amended Complaint, and denies so much of the allegations set forth in Paragraph 36 of the Amended Complaint as is inconsistent with referenced document, and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents and effect.

37.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 37 of the Amended Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 38 of the Amended Complaint.

39.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 39 of the Amended Complaint.

40.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 40 of the Amended Complaint.

41.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 41 of the Amended Complaint.

42.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 42 of the Amended Complaint.

43.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 43 of the Amended Complaint.

44.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 44 of the Amended Complaint.

45.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 45 of the Amended Complaint.

46.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 46 of the Amended Complaint.

47.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 47 of the Amended Complaint.

48.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 48 of the Amended Complaint.

49.      Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in the first and third sentences Paragraph 49 of the Amended Complaint, except admits that FG5 maintained a store at 790 Madison Avenue, New York, NY 10065.

50.     Denies the allegations set forth in Paragraph 50 of the Amended Complaint.

51.     Denies the allegations set forth in Paragraph 51 of the Amended Complaint.

52.     Denies so much of the allegations set forth in Paragraph 52 of the Amended Complaint as is inconsistent with referenced document, and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents.

53.     Denies the allegations set forth in Paragraph 53 of the Amended Complaint.

54.     Denies the allegations set forth in Paragraph 54 of the Amended Complaint.

55.     Denies the allegations set forth in Paragraph 55 of the Amended Complaint.

56.     Denies the allegations set forth in Paragraph 56 of the Amended Complaint.

57.     Denies the allegations set forth in Paragraph 57 of the Amended Complaint.

58.     Denies the allegations set forth in Paragraph 58 of the Amended Complaint.

59.     Denies the allegations set forth in Paragraph 59 of the Amended Complaint.

60.     Denies the allegations set forth in Paragraph 60 of the Amended Complaint.

61.     Denies so much of the allegations set forth in Paragraph 61 of the Amended Complaint as is inconsistent with referenced document, and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents.

62.     Denies so much of the allegations set forth in Paragraph 62 of the Amended Complaint as is inconsistent with referenced document, and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents.

63.     Denies the allegations set forth in Paragraph 63 of the Amended Complaint.

64.     Denies the allegations set forth in Paragraph 64 of the Amended Complaint.

## COUNT I
### (Breach of Contract)

65.     Restates and incorporates by reference the responses contained in all

preceding paragraphs as if set forth here in full.

66.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 66 of the Amended Complaint.

67.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 67 of the Amended Complaint.

68.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 68 of the Amended Complaint.

69.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 69 of the Amended Complaint.

70.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 70 of the Amended Complaint.

71.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 71 of the Amended Complaint.

72.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 72 of the Amended Complaint.

## <u>COUNT II</u>
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

73.    Restates and incorporates by reference the responses contained in all preceding paragraphs as if set forth here in full.

74.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 74 of the Amended Complaint.

75.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 75 of the Amended Complaint.

76.    Denies knowledge or information sufficient to form a belief as to the truth of

allegations set forth in Paragraph 76 of the Amended Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 77 of the Amended Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 78 of the Amended Complaint.

## COUNT III
### (Permanent Injunction)

79.     Restates and incorporates by reference the responses contained in all preceding paragraphs as if set forth here in full.

80.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 80 of the Amended Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 81 of the Amended Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 82 of the Amended Complaint.

## COUNT IV
### (Specific Performance)

83.     Restates and incorporates by reference the responses contained in all preceding paragraphs as if set forth here in full.

84.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 84 of the Amended Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 85 of the Amended Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of

allegations set forth in Paragraph 86 of the Amended Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 87 of the Amended Complaint.

88.     Denies the allegations set forth in Paragraph 88 of the Amended Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 89 of the Amended Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 90 of the Amended Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 91 of the Amended Complaint.

**COUNT V**
**(Breach of Contract Against G.Mark and Aluc)**

92.     Restates and incorporates by reference the responses contained in all preceding paragraphs as if set forth here in full.

93.     Denies the allegations set forth in Paragraph 93 of the Amended Complaint.

94.     Denies the allegations set forth in Paragraph 94 of the Amended Complaint.

95.     Denies the allegations set forth in Paragraph 95 of the Amended Complaint.

**COUNT VI**
**(Specific Performance of the Exclusive Rights)**

96.     Restates and incorporates by reference the responses contained in all preceding paragraphs as if set forth here in full.

97.     Denies the allegations set forth in Paragraph 97 of the Amended Complaint.

98.     Denies the allegations set forth in Paragraph 98 of the Amended Complaint.

99.     Denies the allegations set forth in Paragraph 99 of the Amended Complaint.

## COUNT VII
### (Tortious Interference against Borrelli Ltd.)

100.    Restates and incorporates by reference the responses contained in all preceding paragraphs as if set forth here in full.

101.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 101 of the Amended Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 102 of the Amended Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 103 of the Amended Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 104 of the Amended Complaint.

105.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 105 of the Amended Complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 106 of the Amended Complaint.

## COUNT VIII
### (Contempt Against Aluc and Borrelli Ltd.)

107.    Restates and incorporates by reference the responses contained in all preceding paragraphs as if set forth here in full.

108.    Denies so much of the allegations set forth in Paragraph 108 of the Amended Complaint as is inconsistent with referenced document, and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents and effect.

109.    Denies so much of the allegations set forth in Paragraph 109 of the Amended

Complaint as is inconsistent with referenced document, and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents and effect.

110.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 110 of the Amended Complaint.

111.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 111 of the Amended Complaint.

With respect to FG5's demand for judgment, no response is required. To the extent a response is deemed necessary, G.Mark denies the allegations contained after the WHEREFORE clause, and further aver that FG5 is not entitled to the requested relief or any relief whatsoever from G.Mark.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2.     The Court lacks subject matter jurisdiction because Plaintiff's claims are moot.

3.     The Court lacks subject matter jurisdiction because Plaintiff's claims are not ripe for review under Article III of the U.S. Constitution.

4.     Plaintiff's Amended Complaint is barred by laches.

5.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

6.     Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, waiver, release, consent, ratification, estoppel and excuse.

7.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

8.     Plaintiff has not suffered any compensable damages as a result of Defendant's actions.

9.     Plaintiff's damages, if any, were not proximately caused by Defendant.

10.    Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own acts, omissions, and/or negligent conduct.

11.    To the extent that Plaintiff suffered any damages, Plaintiff failed to mitigate such damages.

12.    Defendant raises each and every defense available to it under the applicable laws of the State of New York.  Defendant reserves the right to raise additional defenses.

## COUNTERCLAIM

Counterclaimant G.MARK INTERNATIONAL LIMITED ("Counterclaimant"), for its counterclaim, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367.

2.      This court has diversity jurisdiction over this dispute under 28 U.S.C. § 1332 since this dispute exceeds $75,000 and is between citizens of different states.

3.      Venue in this judicial district is proper under 28 U.S.C. § 1391 in that one or more of the counter-defendants conduct business in this judicial district.

## PARTIES

4.      Counterclaimant is a limited company organized and existing under the laws of the Republic of Ireland.

5.      Upon information and belief, FASHION G5 LLC ("FG5") is an unauthorized, foreign limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 790 Madison Avenue, New York, NY.

6.      Upon information and belief, EAST 33RD REALTY LLC ("E33") is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at c/o Thor Equities, LLC, attn.: Joseph J Sitt, 25 West 39th Street, New York, NY.

7.      Upon information and belief, JOSEPH J. SITT ("Sitt") is an individual residing in the State of New York with an actual place of business at 25 West 39th Street, New York, NY.

8.      The true names of the Counterdefendants DOES 1-20 are presently unknown to the Counterclaimant, which therefore sues said Counterdefendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

9.      Counterclaimant is informed and believes and thereupon alleges that at all times relevant hereto each of the Counterdefendants including DOES 1-20 was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining counterdefendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including without limitation to full knowledge of each and every wrongful conducts and the Counterclaimant's damages caused therefrom.

10.     Upon information and belief, each of the Counterdefendants, including Does 1-20, has an ownership interest in, operates, and/or manages the business of the named corporate counterdefendants FG5 and E33 (collectively, "Corporate Counterdefendants").

11.     Upon information and belief, there exists, and at all times herein mentioned there existed, a unity of interest between and among the Counterdefendants, including Sitt and Does 1-20, a unity of interests between and among the Counterdefendants vis-à-vis the ownership, operation, and/or management of the business of the Corporate Counterdefendants.

12.     Upon information and belief, the Corporate Counterdefendants are so dominated and controlled by the Counterdefendants, including Sitt and Does 1-20, that all such Counterdefendants may be considered interchangeable with one another.

13.     Upon information and belief, the Counterdefendants, including Sitt and Does 1-20, and each of them have commingled funds with the Corporate Counterdefendants, and for avoiding liabilities, they undercapitalize the businesses.

## FACTS RELEVANT TO COUNTERCLAIM

14.     Counterclaimant is the authorized licensee regarding the trademark registrations for the word mark "LUIGI BORRELLI®," United States Patent and Trademark Office ("USPTO") Registration No. 4,106,367, and a design mark including the phrase, "LUIGI BORRELLI NAPOLI®," Registration No. 2,876,004 (collectively, the "Subject Marks").

15.     On or about July 1, 2011, Counterclaimant purported to enter into a written sublicense agreement with FG5 regarding, *inter alia*, the sale of garments using the Subject Marks (the "License Agreement").

16.     Upon information and belief, on the date the License Agreement was executed, FG5 was a nonexistent corporate entity, nor authorized to do business in the State of New York.

17.     Upon further information and belief, FG5 was not incorporated in the State of Delaware until July 25, 2011, i.e., more than three weeks after the License Agreement was executed.

18.     Upon information and belief, Sitt executed the License Agreement on behalf of the nonexistent corporate entity, FG5.

16

## COUNT I

### Breach of Contract

19.     Counterclaimant repeats and incorporates by references Paragraphs 1-18 of the Counterclaim as if fully stated herein.

20.     Pursuant to the License Agreement, only FG5 was permitted to exploit the Subject Marks.

21.     Pursuant to the License Agreement, FG5 (and thus, Sitt), was further obligated to, *inter alia*,

   a.   protect and maintain the high quality standards of the Subject Marks (as dictated by Counterclaimant);

   b.   order garments branded with the Subject Marks from authorized manufacturers; and

   c.   remain solvent

22.     Counterclaimant fulfilled all of its obligations pursuant to the License Agreement.

23.     FG5 has failed to protect and maintain the high quality standards of the Subject Marks by, *inter alia*, failing to maintain quality standards and coordination of products at the Madison Avenue store, failing to properly manage and maintain fresh and current inventory, failing to provide seasonal window dressings.

24.     Since inception of the License Agreement, FG5 itself as not ordered garments from authorized manufactures, but rather permitted, authorized and/or caused the E33 and/or Does 1-20 to do so on its behalf, in violation of the License Agreement.

25.     Furthermore, FG5 has failed to pay invoices to various manufacturers, including but not limited to Giamp S.r.l., which has caused damage to the reputation and goodwill associated with Subject Marks, in violation of the License Agreement.

26.     Upon information and belief, the Corporate Counterdefendants are insolvent, have experienced serious financial instability (evidenced by their failure to pay various invoices) and have not met its current or prospective obligations to maintain appropriate seasonal inventory nor properly operate the Madison Avenue store in a commercially reasonable manner befitting of the reputation associated with the Subject Marks, in violation of the License Agreement.

27.     Counterdefendant Litt is personally liable for FG5's breaches of the License Agreement as a promoter of a nonexistent corporate entity.

28.     As a result of Counterdefendants' actions, Counterclaimant has been and continues to be damaged in an amount to be determined at trial.

## COUNT II

### Tortious Interference with Contractual Relations

29.     Counterclaimant repeats and incorporates by references Paragraphs 1-28 of the Counterclaim as if fully stated herein.

30.     Counterclaimant had an existing contract with FG5 and/or Sitt, to wit: the License Agreement.  Counterclaimant reasonably expected that its contractual relationship with FG5 and/or Sitt would continue into the future.

31.     Counterdefendants E33, Does 1-20 and Sitt knew of Counterclaimant's License Agreement.

32.     By the wrongful conduct described above, Counterdefendants E33, Does 1-20 and Sitt intentionally and improperly interfered with Counterclaimant's License Agreement with FG5, and did so with the intent and purpose of damaging Counterclaimant's business and the Subject Marks.

33.     Counterdefendants' interference caused FG5 and/or Sitt to breach the License Agreement.

34.     As a result of Counterdefendants' actions, Counterclaimant has been and continues to be damaged in an amount to be determined at trial.

**WHEREFORE**, Counterclaimant prays for the following relief:

a.      dismissal of the Plaintiff's claims against Counterclaimant with prejudice;

b.      That Counterclaimant be awarded special damages and general damages in an amount to be determined at trial;

c.      That Counterclaimant be awarded reasonable attorneys' fees as available under contracts between the parties;

d.      That Counterclaimant be awarded pre-judgment interest as allowed by law;

e.      That Counterclaimant be awarded costs of litigation; and

f.      That Counterclaimant be awarded such further legal and equitable relief as the Court deems proper.

## <u>CONCLUSION</u>

WHEREFORE, G.Mark respectfully requests that the Court enter judgment dismissing the Amended Complaint, with prejudice, granting G.Mark the relief requested in its counterclaim(s), and awarding G.Mark costs and such other relief as the Court may deem appropriate.

Dated: Brooklyn, New York
      October 3, 2014

          LEWIS & LIN, LLC

By: _____
          David D. Lin (DL-3666)
          Justin Mercer (JM-1954)

45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
david@iLawco.com

*Attorneys for Defendants*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document:

**DEFENDANT G. MARK INTERNATIONAL LIMITED'S ANSWER**

has been served via ECF on:

> Joseph Lee Matalon
> Matalon, Shweky, Elman PLLC
> 450 Seventh Ave., 33rd Floor
> New York, NY 10123
> JLM@trial-lawyer.org

this 3rd day of October, 2014.

_____
David D. Lin