# LEWIS & LIN LLC

45 Main Street,  Suite 608
Brooklyn, NY 11201-8200
\>\>\>Tel:  (718) 243-9323
\>\>\>Fax:  (718) 243-9326

www.ilawco.com

December 11, 2015

**By ECF**
Hon. Gregory H. Woods
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

*Fashion G5 LLC v. Aluc Mark Anstalt et al.*
Civil Action No. 14-CV-5719 (GHW)

Dear Judge Woods:

     I represent the defendants in this action and write to request leave to substitute and dismiss a party pursuant to Fed. R. Civ. P. 25(c).  I hereby respectfully request this Court substitute Defendant Aluc Mark Anstalt ("Aluc") for Defendant G.Mark International Limited ("G.Mark") with respect to all claims against G.Mark and all counterclaims asserted by G.Mark and dismiss G.Mark from this proceeding.

     As noted previously in our Memorandum of Law in Response to Court's Order and Further Support of Motion to Dissolve and Motion to Dismiss [ECF No. 133] and the Declaration of Massimo Verile dated October 26, 2015 ("Verile Decl.") [ECF No. 134], G.Mark terminated the master license agreement of the LUIGI BORRELLI® Marks with Aluc—with knowledge and at the behest of Plaintiff Fashion G5 LLC ("FG5")—by Letter of Withdrawal dated July 15, 2015 (effective October 15, 2015) (the "G.Mark-Aluc Master License Termination Letter").  Aluc has thus taken over all of G.Mark's rights and obligations pursuant thereto, including sublicensing agreements.

     Federal Rule of Civil Procedure 25(c) provides that in the case of any transfer of interest, the Court may, upon motion, direct the person to whom the interest is transferred to be substituted in the action in the place of the original party.  Fed. R. Civ. P. 25(c).  The decision to substitute a party is generally within the sound discretion of the trial court.  *Organic Cow, LLC v. Ctr. for New England Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003).  The primary consideration is whether substitution will expedite and simplify the action. *Travelers Ins. Co. v. Broadway West Street Associates*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995) (quoting *FDIC v. Tisch*, 89 F.R.D. 446, 448 (E.D.N.Y. 1981)).  Determining whether a transfer of interest justifies substitution requires an application of the facts of the case to the law.  *Organic Cow*, 335 F.3d at 71.

In *Travelers*, this Court granted a motion to substitute a party where the plaintiff, Travelers Insurance Company, sought to substitute as the party plaintiff an entity which had acquired all rights, title and interest in certain loans that were the subject of the litigation. *Travelers*, 164 F.R.D. at 164. Where defendants did not contest that the party to be substituted was the "real part[y] in interest" in the matter, but contested substitution on other grounds, and where there was evidence that the transferee in interest consented to the dismissal of Travelers from the case, this Court granted the motion to substitute. *Id.* ("[I]t would be [sic] make little sense to disallow the substitution…while retaining Travelers, whose interest has been entirely extinguished"). Similarly, in the case at bar, Aluc has assumed all of G.Mark's rights and obligations thus entirely extinguishing G.Mark's interest in the matter. Plaintiff FG5 requested this transfer of interest and therefore cannot contest that Aluc is now the real party in interest. Further, Aluc consents to the dismissal of G.Mark from this case as to the counterclaims levied by G.Mark—and as to rights now held by Aluc.

Rule 25(c) is "designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and [it] does not affect the substantive rights of the parties." *Greystone Bank v. Peralta*, 10 Civ. 0695 (BMC), 2010 WL 3767619, at *1 (S.D.N.Y. Sept. 20, 2010) (citation omitted) (granting substitution of plaintiff by subsequent purchaser of mortgage loan at issue in foreclosure action). Substitution for and dismissal of G.Mark would in no way impact FG5's rights as Plaintiff. The claims asserted against G.Mark, specifically Counts V and VI of the Amended Complaint [ECF No. 67], concern Aluc's and other third parties' supply of products to FG5 and require discovery of information recoverable from Aluc. Further, the monetary damages and specific performance sought—including transfer of the mark to FG5—must now and may be sought from Aluc. Substitution and dismissal of G.Mark would in no way hinder the prosecution of Plaintiff's claims or harm its substantive rights.

Granting this request for substitution and dismissal promotes the interest of efficiency. Substituting Aluc for and dismissing G.Mark would facilitate the conduct of the litigation and eliminate the accumulation of needless costs associated with discovery and depositions. Since the master license agreement between G.Mark and Aluc has been terminated, there is no reason G.Mark should continue in to be involved in these proceedings. Substitution of Aluc and dismissal of G.Mark would have no negative or prejudicial impact on the other litigants in the instant matter. As such, I respectfully request that Aluc be substituted for G.Mark as a defendant and as counterclaimant and that G.Mark be dismissed from this case in its capacity as same.

Thank you for the Court's consideration of this request.

Respectfully submitted,

David D. Lin

cc:     Joseph Lee Matalon (by ECF)