UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
FASHION G5 LLC,

                *Plaintiff,*

-against-

ALUC MARK ANSTALT, G. MARK INTERNATIONAL LIMITED, and BORRELLI LTD.,

                *Defendants.*

------------------------------------------------------------ x
ALUC MARK ANSTALT, G. MARK INTERNATIONAL LIMITED,

                *Counterclaimants,*

-against-

FASHION G5 LLC, EAST 33RD REALTY LLC, JOSEPH J. SITT, AND DOES 1-20,

                *Counterdefendants.*

------------------------------------------------------------ x

Case No. 14 CIV 5719 (GHW)

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

    Defendant Aluc Mark Anstalt ("Defendant") by its attorneys, Oved & Oved LLP, answers Plaintiff Fashion G5 LLC's ("Plaintiff") Amended Complaint (the "Complaint") as follows:

    1.    The allegations contained in the first paragraph of the Complaint contain conclusions of law, and, therefore, no response is required. Additionally, to the extent it purports to describe the contents of the allegations set forth in the Complaint, the Complaint speaks for itself and no further response is required. To the extent, if any, a response is deemed to be required, denies the allegations.

2.      The allegations contained in the second paragraph of the Complaint contain conclusions of law, and therefore no response is required. To the extent, if any, a response is deemed to be required, denies knowledge and information sufficient to form a belief as to the truth of the allegations.

3.      The allegations contained in the third paragraph of the Complaint contain conclusions of law, and, therefore, no response is required. To the extent, if any, a response is deemed to be required, denies the allegations.

4.      Denies the allegations contained in the fourth paragraph of the Complaint.

5.      The allegations contained in the fifth paragraph of the Complaint contain conclusions of law, and therefore no response is required. To the extent, if any, a response is deemed to be required, denies knowledge and information sufficient to form a belief as to the truth of the allegations.

6.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the sixth paragraph of the Complaint.

7.      Denies the allegations in the seventh paragraph of the Complaint, except admits that Aluc is a company organized and existing under the laws of the Republic of Lichtenstein.

8.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the eighth paragraph of the Complaint.

9.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the ninth paragraph of the Complaint.

10.     Refers to the true and accurate copy of the document referenced in the tenth paragraph of the Complaint as it speaks for itself, and to the extent any further response is

required, denies the allegations.[1]

11.   Refers to the true and accurate copy of the document referenced in the eleventh paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

12.   Refers to the true and accurate copies of the documents referenced in the twelfth paragraph of the Complaint, as they speak for themselves, and to the extent any further response is required, denies knowledge and information sufficient to form a belief as to the truth of any allegations concerning FG5's business or its motivations, and denies the remainder of the allegations.

13.   Refers to the true and accurate copy of the document referenced in the Complaint, as it speaks for itself, and to the extent any further response is required, denies the allegations.

14.   Refers to the true and accurate copy of the document referenced in the fourteenth paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

15.   Refers to the true and accurate copy of the document referenced in the fifteenth paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

16.   Refers to the true and accurate copy of the document referenced in the sixteenth paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

17.   Denies the allegations contained in the seventeenth paragraph of the Complaint.

---

[1] To the extent that the headings contained in the Complaint contain allegations of fact, Aluc denies any such allegations.

18. Refers to the true and accurate copy of the document referenced in the eighteenth paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

19. Refers to the true and accurate copies of the documents referenced in the nineteenth paragraph of the Complaint, as they speak for themselves, and to the extent any further response is required, denies the allegations.

20. Denies the allegations contained in the twentieth paragraph of the Complaint.

21. Refers to the true and accurate copies of the documents cited in the twenty-first paragraph of the Complaint as they speak for themselves, and to the extent any further response is required, denies the allegations.

22. Refers to the true and accurate copy of the document referenced in the twenty-second paragraph of the Complaint, as it speaks for itself, and to the extent any further response is required, denies the allegations.

23. Refers to the true and accurate copy of the document referenced in the twenty-third paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

24. Denies the allegations contained in the twenty-fourth paragraph of the Complaint.

25. Refers to the true and accurate copy of the document referenced in the twenty-fifth paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

26. Refers to the true and accurate copy of the document referenced in the twenty-sixth paragraph of the Complaint as it speaks for itself, and to the extent any further response is

required, denies the allegations.

27.     Refers to the true and accurate copies of the documents referenced in the twenty-seventh paragraph of the Complaint, as they speak for themselves, and to the extent any further response is required, denies the allegations.

28.     Refers to the true and accurate copies of the documents referenced in the twenty-eighth paragraph of the Complaint as they speak for themselves, and to the extent any further response is required, denies the allegations.

29.     Refers to the true and accurate copies of the documents referenced in the twenty-ninth paragraph of the Complaint as they speak for themselves, and to the extent any further response is required, denies the allegations.

30.     Refers to the true and accurate copy of the document referenced in the thirtieth paragraph of the Complaint, as it speaks for itself, and to the extent any further response is required, denies the allegations.

31.     Denies the allegations contained in the thirty-first paragraph of the Complaint.

32.     Refers to the true and accurate copy of the document referenced in the thirty-second paragraph of the Complaint, as it speaks for itself, and to the extent any further response is required, denies the allegations.

33.     Refers to the true and accurate copy of the document referenced in the thirty-third paragraph of the Complaint, as it speaks for itself, and to the extent any further response is required, denies the allegations.

34.     Refers to the true and accurate copy of the document referenced in the thirty-fourth paragraph of the Complaint, as it speaks for itself, and to the extent any further response is required, denies the allegations.

35.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the thirty-fifth paragraph of the Complaint.

36.     Refers to the true and accurate copies of the court documents, transcripts, and holdings referenced in the thirty-sixth paragraph of the Complaint, as they speak for themselves, and to the extent any further response is required, denies the allegations.

37.     Denies the allegations contained in the thirty-seventh paragraph of the Complaint.

38.     Denies the allegations contained in the thirty-eighth paragraph of the Complaint.

39.     Denies the allegations contained in the thirty-ninth paragraph of the Complaint.

40.     Denies the allegations contained in the fortieth paragraph of the Complaint.

41.     Refers to the true and accurate copy of the document referenced in the forty-first paragraph of the Complaint, as it speaks for itself, and to the extent any further response is required, denies the allegations.

42.     Refers to the true and accurate copy of the document referenced in the forty-second paragraph of the Complaint, as it speaks for itself, and to the extent any further response is required, denies the allegations.

43.     Refers to the true and accurate copy of the document referenced in the forty-third paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

44.     Refers to the true and accurate copy of the document referenced in the forty-fourth paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

45.     Refers to the true and accurate copy of the document referenced in the forty-

fifth paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

46. Refers to the true and accurate copy of the document referenced in the forty-sixth paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

47. Refers to the true and accurate copy of the document referenced in the forty-seventh paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

48. Refers to the true and accurate copy of the document referenced in the forty-eighth paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

49. Denies knowledge and information sufficient to form a belief as to the allegations contained in the forty-ninth paragraph of the Complaint.

50. Denies the allegations contained in the fiftieth paragraph of the Complaint.

51. Denies the allegations contained in the fifty-first paragraph of the Complaint.

52. Refers to the true and accurate copy of the document referenced in the fifty-second paragraph of the Complaint, as it speaks for itself, and to the extent any further response is required, denies the allegations.

53. Denies the allegations contained in the fifty-third paragraph of the Complaint.

54. Denies the allegations contained in the fifty-fourth paragraph of the Complaint.

55. Denies the allegations contained in the fifty-fifth paragraph of the Complaint.

56. Denies the allegations contained in the fifty-sixth paragraph of the Complaint.

57. Denies the allegations contained in the fifty-seventh paragraph of the

Complaint.

58. Denies the allegations contained in the fifty-eighth paragraph of the Complaint.

59. Denies the allegations contained in the fifty-ninth paragraph of the Complaint.

60. Denies the allegations contained in the sixtieth paragraph of the Complaint.

61. Refers to the true and accurate copy of the document referenced in the sixty-first paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

62. Refers to the true and accurate copy of the document referenced in the sixty-second paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

63. Denies the allegations contained in the sixty-third paragraph of the Complaint.

64. Denies the allegations contained in the sixty-fourth paragraph of the Complaint.

65. Defendant repeats and realleges each and every admission and denial in response to those paragraphs of the Complaint referred to in the sixty-fifth paragraph of the Complaint as though fully set forth herein.

66. The allegations contained in the sixty-sixth paragraph of the Complaint contain conclusions of law, and, therefore, no response is required, and to the extent any further response is required, denies knowledge and information sufficient to form a belief as to truth of the allegations.

67. Refers to the true and accurate copy of the document referenced in the sixty-seventh paragraph of the Complaint, as it speaks for itself, and to the extent any further response is required, denies the allegations.

68. Denies the allegations contained in the sixty-eighth paragraph of the Complaint.

69.     Denies the allegations contained in the sixty-ninth paragraph of the Complaint.

70.     Denies the allegations contained in the seventieth paragraph of the Complaint.

71.     Denies the allegations contained in the seventy-first paragraph of the Complaint.

72.     Denies the allegations contained in the seventy-second paragraph of the Complaint.

73.     Defendant repeats and realleges each and every admission and denial in response to those paragraphs of the Complaint referred to in the seventy-third paragraph of the Complaint as though fully set forth herein.

74.     Refers to the document cited in the seventy-fourth paragraph of the Complaint as it speaks for itself, and to the extent any further response is required, denies the allegations.

75.     Denies the allegations contained in the seventy-fifth paragraph of the Complaint.

76.     Denies the allegations contained in the seventy-sixth paragraph of the Complaint.

77.     Denies the allegations contained in the seventy-seventh paragraph of the Complaint.

78.     Denies the allegations contained in the seventy-eighth paragraph of the Complaint.

79-91.  No response to these paragraphs is required as they are part of the third and fourth causes of action, which were dismissed by the decision and order of Hon. Gregory H. Woods on May 13, 2016.

92.     Defendant repeats and realleges each and every admission and denial in response to those paragraphs of the Complaint referred to in the ninety-second paragraph of the Complaint

as though fully set forth herein.

93.  Denies the allegations contained in the ninety-third paragraph of the Complaint.

94.  Denies the allegations contained in the ninety-fourth paragraph of the Complaint.

95.  Denies the allegations contained in the ninety-fifth paragraph of the Complaint.

96.  Defendant repeats and realleges each and every admission and denial in response to those paragraphs of the Complaint referred to in the ninety-sixth paragraph of the Complaint as though fully set forth herein.

97.  Denies the allegations contained in the ninety-seventh paragraph of the Complaint.

98.  Denies the allegations contained in the ninety-eighth paragraph of the Complaint.

99.  Denies the allegations contained in the ninety-ninth paragraph of the Complaint.

100--111.  No response to these paragraphs is required as they are part of the seventh and eighth causes of action, which were dismissed by the decision and order of Hon. Gregory H. Woods on May 13, 2016.

112.  Denies each and every allegation referenced in the clause beginning with "WHEREFORE" and specifically denies that Plaintiff is entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction because Plaintiff's claims are moot.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction because Plaintiff's claims are not ripe for review.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks the capacity to sue.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by documentary evidence.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, waiver, release, consent, ratification, estoppel and excuse.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any compensable damages as a result of Defendant's actions.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately caused by Defendant.

## TWEFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own acts, omissions, and/or negligent conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered any damages, Plaintiff failed to mitigate such

damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant raises each and every defense available to it under the applicable laws of the State of New York. Defendant reserves the right to raise additional defenses.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend its Answer to assert such or any other additional defenses.

## COUNTERCLAIMS

Counterclaimant Aluc Mark Anstalt ("Aluc"), for its counterclaims, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367.

2. This court has diversity jurisdiction over this dispute under 28 U.S.C. § 1332 since this dispute exceeds $75,000 and is between citizens of different states.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391 in that one or more counter-defendants conduct business in this judicial district.

## PARTIES

4. Aluc is a company formed under the laws of Lichtenstein.

5. Upon information and belief, Fashion G5 LLC ("FG5") is an unauthorized foreign limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 790 Madison Avenue, New York, NY.

6. Upon information and belief, East 33rd Realty LLC ("E33") is a foreign limited

liability company organized and existing under the laws of the State of Delaware with its principal place of business located at c/o Thor Equities, LLC, attn.: Joseph J Sitt, 25 West 39th Street, New York, NY.

7. Upon information and belief, Joseph J. Sitt ("Sitt") is an individual residing in the State of New York with an actual place of business at 25 West 39th Street, New York, NY.

8. The true names of Counterdefendants Does 1-20 are presently unknown to Aluc, which therefore sues said Counterdefendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

9. Aluc is informed and believes and thereupon alleges that at all times relevant hereto each of the Counterdefendants, including Does 1-20, was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining counterdefendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including without limitation full knowledge of each and every wrongful conduct and Aluc's damages caused therefrom.

10. Upon information and belief, each of the Counterdefendants, including Does 1-20, has an ownership interest in, operates and/or manages the business of the named corporate defendants FG5 and E33 (collectively, "Corporate Counterdefendants").

11. Upon information and belief, there exists, and at all times herein mentioned there existed, a unity of interest between and among the Counterdefendants in connection with the ownership, operation, and/or management of the business of the Corporate Counterdefendants.

12. Upon information and belief, the Corporate Counterdefendants are so dominated

and controlled by the Counterdefendants, including Sitt and Does 1-20, and each of them have commingled funds with the Corporate Counterdefendants, and for avoiding liabilities, they undercapitalize the businesses.

13. Upon information and belief, Counterdefendants, including Sitt and DOES 1-20, have commingled funds with the Corporate Counterdefendants, and for avoiding liabilities, they undercapitalize the businesses.

## FACTS RELEVANT TO COUNTERCLAIMS

14. Until October 15, 2015, G. Mark International Limited ("G. Mark") was the authorized licensee regarding the trademark registrations for the word mark "LUIGI BORELLI®," United States Patent and Trademark Office ("USPTO") Registration No. 4,106,367, and a design mark including the phrase, "LUIGI BORRELLI NAPOLI®." Registration No. 2,876,004 (collectively, the "Subject Marks").

15. On or about July 1, 2011, G. Mark purported to enter into a written sublicense agreement with FG5 regarding, *inter alia*, the sale of garments using the Subject Marks (the "License Agreement").

16. Upon information and belief, on the date the License Agreement was executed, FG5 was a nonexistent corporate entity, and was not authorized to do business in the State of New York.

17. Upon further information and belief, FG5 was not incorporated in the State of Delaware until July 25, 2011, more than three weeks after the License Agreement was executed.

18. Upon information and belief, Sitt executed the License Agreement on behalf of the nonexistent corporate entity, FG5.

## FIRST COUNTERCLAIM
### (Breach of Contract)

19.   Aluc repeats and incorporates by reference Paragraphs 1-18 of the Counterclaim as if fully stated herein.

20.   Pursuant to the License Agreement, only FG5 was permitted to exploit the Subject Marks.

21.   Pursuant to the License Agreement, FG5, and thus, Sitt, was further obligated to, among other things, protect and maintain the high quality standards of the Subject Marks, order garments branded with the Subject Marks from authorized manufacturers, and remain solvent.

22.   G.Mark fulfilled all of its obligations pursuant to the License Agreement.

23.   FG5 has failed to protect and maintain the high quality standards of the Subject Marks by, *inter alia*, failing to maintain quality standards and coordination of products at the Madison Avenue store, failing to properly manage and maintain fresh and current inventory, and failing to provide seasonal window dressings.

24.   Since the inception of the License Agreement, FG5 itself has not ordered garments from authorized manufacturers, but rather permitted, authorized and/or cause E33 and/or Does 1-20 to do so on its behalf, in violation of the License Agreement.

25.   FG5 has also failed to pay invoices to various manufacturers, including but not limited to Giamp S.r.l., which has caused damage to the reputation and goodwill associated with the Subject Marks, in violation of the License Agreement.

26.   Upon information and belief, the Corporate Counterdefendants are insolvent, have experienced serious financial instability (evidenced by their failure to pay various invoices) and have not met their current or prospective obligations to maintain appropriate seasonal inventory nor properly operate the Madison Avenue store in a commercially reasonable manner befitting of

the reputation associated with the Subject Marks, in violation of the License Agreement.

27. Additionally, on October 2, 2014, G.Mark notified FG5 that its failure to open a second Store in the Territory by September 30, 2014, as those capitalized terms were defined in the License Agreement, had further breached Paragraph 5.1 of the License Agreement, and as such, G. Mark elected to exercise its right to terminate the License Agreement pursuant to Paragraph 10.1 of the License Agreement (the "October 2 2014 Notice of Termination").

28. By letter dated October 8, 2014 to G.Mark, FG5 purported to state an intention to open a second Store in the Miami Design District.

29. Pursuant to Paragraph 5.3 of the License Agreement, G. Mark inquired by letter dated October 16, 2014 as to FG5's purported intention to open a Store and requested certain information necessary for G.Mark to approve the "Miami Design District" as a location for the second Store.

30. FG5 did not respond to G.Mark's October 16, 2014 letter and did not open a second Store, and as such, FG5 failed to cure its breach of the License Agreement within the 60 days of its receipt of the October 2 2014 Notice of Termination.

31. In fact, both FG5's actions and its inaction in response to G.Mark's letters made clear that it was unwilling and/or unable to open a second Store location in accordance with the Terms of the License Agreement.

32. Accordingly, by letter dated December 2, 2014, G.Mark notified FG5 that, in as much as the 60-day cure period contained in Section 10.1 of the License Agreement expired, the License Agreement was terminated effective immediately.

33. In or about January 2015, in further breach of the License Agreement, FG5 ceased operating its only Store in the Territory, which was located at 790 Madison Avenue in New

York.

34. In further breach of the License Agreement, FG5 refuses to recognize that (i) the License Agreement was validly terminated, and (ii) that as a result of the foregoing conduct, it has no further rights to use or otherwise exploit the Subject Marks.

35. Counterdefendant Sitt is personally liable for FG5's breaches of the License Agreement as a promoter of a nonexistent corporate entity.

36. As a result of Counterdefendants' actions, G. Mark was damaged in an amount to be determined at trial.

37. By Letter of Withdrawal dated July 15, 2015 (effective October 15, 2015), G. Mark terminated the master license agreement of the LUIGI BORRELLI® Subject Marks with Aluc, with knowledge and at the behest of FG5.

38. As a result, Aluc has taken over G.Mark's obligations and rights pursuant thereto, including the sublicensing agreements and has the right to pursue these claims.

39. Aluc has been and continues to be damaged in an amount to be determined at trial.

40. Aluc has no adequate remedy at law.

41. Accordingly, Aluc demands a judgment (i) declaring that the License Agreement has been terminated and that FG5 has no further rights in and to the Subject Marks, including but not limited to the rights to use or exploit the Marks; and (ii) permanently enjoining FG5 from any further use or exploitation of the Subject Marks.

## SECOND COUNTERCLAIM
### (Tortious Interference with Contract)

42. Aluc repeats and incorporates by reference Paragraphs 1-41 of the Counterclaim as if fully stated herein.

43. G.Mark had an existing contract with FG5 and/or Sitt, *i.e.* the License Agreement.

44. G.Mark reasonably expected that its contractual relationship with FG5 and/or Sitt would continue into the future.

45. Counterdefendants E33, Does 1-20 and Sitt knew of Aluc's License Agreement.

46. By the wrongful conduct described above, Counterdefendants E33, Does 1-20 and Sitt intentionally and improperly interfered with Aluc's License Agreement with FG5, and did so with the intent and purpose of damaging Aluc's business and the Subject Marks.

47. Counterdefendants' interference caused FG5 and/or Sitt to breach the License Agreement.

48. As a result of Counterdefendants' actions, Aluc has been and continues to be damaged in an amount to be determined at trial.

**WHEREFORE**, Aluc hereby demands as follows:

(i) a judgment dismissing FG5's Amended Complaint with prejudice;

(ii) on the First Counterclaim, (a) a money judgment in favor of Aluc and against the Counterdefendants, in an amount to be determined at trial; (b) a judgment declaring that the License Agreement has been terminated and that FG5 has no further rights in and to the Subject Marks, including but not limited to the rights to use or exploit the Subject Marks; and (c) a judgment permanently enjoining FG5 from any further use or exploitation of the Subject Marks;

(iii) on the Second Counterclaim, a money judgment in favor of Aluc and against Counterdefendants E33, Does 1-20 and Sitt, in an amount to be determined at trial;

(iv) Pre-judgment and post-judgment interest as well as Aluc's costs and disbursements incurred in this suit;

(v) Aluc's attorney's fees incurred in connection with this lawsuit to the full extent permitted by law; and

(vi)   such other and further relief as the Court may deem just and proper.

*[signature]*

Darren Oved, Esq.
Edward C. Wipper, Esq.
OVED & OVED LLP
*Attorneys for Defendant Aluc Mark Anstalt
& G.Mark International Limited*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2376