**MATALON ♦ SHWEKY ♦ ELMAN PLLC**
450 Seventh Avenue, 33rd Floor
New York, New York 10123
(212) 244-9000
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
**FASHION G5 LLC,** :
: Case No. 14 CIV 5719 (GHW)
   **Plaintiff,** :
:
   -against- : **FASHION G5 LLC, EAST**
: **33RD REALTY, LLC, AND**
**ALUC MARK ANSTALT, G. MARK** : **JOSEPH J. SITT'S ANSWER**
**INTERNATIONAL LIMITED, and** : **TO COUNTERCLAIMS**
**BORRELLI LTD.,** :
:
   **Defendants.** :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
**ALUC MARK ANSTALT, and G. MARK** :
**INTERNATIONAL LIMITED,** :
:
   **Counterclaimants,** :
:
   -against- :
:
**FASHION G5 LLC, EAST 33RD REALTY,** :
**LLC, JOSEPH J. SITT and DOES 1-20,** :
:
   **Counterdefendants.** :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff and counterdefendant Fashion G5 LLC ("FG5") and counterdefendants East 33rd Realty LLC ("E33") and Joseph J. Sitt ("Sitt," collectively with FG5 and E33, "Counterdefendants"), by their undersigned attorneys, as and for their Answer to Counterclaims ("Counterclaims") of Aluc Mark Anstalt ("Aluc"), allege as follows:

## ANSWERING "JURISDICTION AND VENUE"

1. Counterdefendants state that the allegations contained in Paragraph 1 constitute legal conclusions and argumentative assertions by Aluc and, as such, do not require a response.

2. Counterdefendants state that the allegations contained in Paragraph 2 constitute legal conclusions and argumentative assertions by Aluc and, as such, do not require a response.

3. Counterdefendants state that the allegations contained in Paragraph 3 constitute legal conclusions and argumentative assertions by Aluc and, as such, do not require a response.

## ANSWERING "PARTIES"

4. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except state, upon information and belief, that Aluc is a company formed under the laws of Lichtenstein.

5. Counterdefendants deny the allegations contained in Paragraph 5, except admit that FG5 is a Delaware limited liability company with its principal place of business in New York.

6. Counterdefendants admit the allegations contained in Paragraph 6.

7. Counterdefendants admit the allegations contained in Paragraph 7.

8. Counterdefendants have no idea what Aluc means in Paragraph 8 and accordingly deny the allegations in that paragraph.

9. Counterdefendants have no idea what Aluc means in Paragraph 9 and accordingly deny the allegations in that paragraph.

10. Counterdefendants deny the allegations contained in Paragraph 10.

11. Counterdefendants state that the allegations contained in Paragraph 11 constitute legal conclusions and argumentative assertions by Aluc and, as such, do not require a response.

12. Counterdefendants deny the allegations contained in Paragraph 12.

13. Counterdefendants deny the allegations contained in Paragraph 13.

## ANSWERING "FACTS RELEVANT TO COUNTERCLAIM"

14. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, except state, upon information and belief, that G. Mark has had a worldwide and exclusive license for the LUIGI BORRELLI® trademark.

15. Counterdefendants deny the allegations contained in Paragraph 15, except admit that FG5 entered into the Licensing Agreement ("License") with Aluc, dated July 1, 2011. Counterdefendants respectfully refer the Court to the License for the actual content thereof, a copy of which was attached as Exhibit B to the Declaration of Joseph J. Sitt ("Sitt Dec.") (Dkt. # 5-2).

16. Counterdefendants deny the allegations contained in Paragraph 16, and state, upon information and belief, that G. Mark did not mail the original signed License until July 29, 2011, four days after FG5 was incorporated in the State of Delaware. Counterdefendants further state that the License was not countersigned by FG5 and delivered to G. Mark until in or around November 2011.

17. Counterdefendants deny the allegations contained in Paragraph 17, except admit that FG5 was incorporated in the State of Delaware on July 25, 2011.

18. Counterdefendants deny the allegations contained in Paragraph 18, except admit, upon information and belief, that Mr. Sitt signed the License in or around November 2011 on behalf of FG5, which had been formed months earlier.

3

## ANSWERING COUNT I
## (FOR ALLEGED BREACH OF CONTRACT)

19. Counterdefendants re-allege and incorporate their responses to Paragraphs 1 through 18 as if fully set forth herein.

20. Counterdefendants deny the allegations contained in Paragraph 20, and respectfully refer the Court to the License for the actual content thereof, a copy of which was attached as Exhibit B to the Sitt Dec.

21. Counterdefendants deny the allegations contained in Paragraph 21, and respectfully refer the Court to the License for the actual content thereof, a copy of which was attached as Exhibit B to the Sitt Dec.

22. Counterdefendants deny the allegations contained in Paragraph 22.

23. Counterdefendants deny the allegations contained in Paragraph 23.

24. Counterdefendants deny the allegations contained in Paragraph 24.

25. Counterdefendants deny the allegations contained in Paragraph 25.

26. Counterdefendants deny the allegations contained in Paragraph 26.

27. Counterdefendants deny the allegations contained in Paragraph 27, and respectfully refer the Court to the October 2, 2014 letter and the parties License for the actual content thereof.

28. Counterdefendants admit that they intended to open up a second store in Miami, and respectfully refer the Court to the October 8, 2014 letter for the actual content thereof.

29. Counterdefendants deny the allegations contained in Paragraph 29, and respectfully refer the Court to the License for the actual content thereof, a copy of which was attached as Exhibit B to the Sitt Dec.

30. Counterdefendants deny the allegations contained in Paragraph 30.

31. Counterdefendants deny the allegations contained in Paragraph 31.

32. Counterdefendants deny the allegations contained in Paragraph 32, and respectfully refer the Court to the License for the actual content thereof, a copy of which was attached as Exhibit B to the Sitt Dec.

33. Counterdefendants deny the allegations contained in Paragraph 33, except admit that the Madison Avenue store has closed.

34. Counterdefendants deny the allegations contained in Paragraph 34.

35. Counterdefendants deny the allegations contained in Paragraph 35.

36. Counterdefendants deny the allegations contained in Paragraph 36.

37. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth about whether G. Mark terminated the master license, and deny the remaining allegations contained in Paragraph 37.

38. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39. Counterdefendants deny the allegations contained in Paragraph 39.

40. Counterdefendants deny the allegations contained in Paragraph 40.

41. Counterdefendants deny the allegations contained in Paragraph 41.

**ANSWERING COUNT II**
**(ALLEGED TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS)**

42. Counterdefendants re-allege and incorporate their responses to Paragraphs 1 through 41 as if fully set forth herein.

43. Counterdefendants deny the allegations contained in Paragraph 43, except admit that FG5 and G. Mark had an existing contract.

44. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45. Counterdefendants admit that E33 and Mr. Sitt knew that FG5 entered into the License with G. Mark. Counterdefendants do not know the identity of DOES 1-20 so they cannot speak to their knowledge.

46. Counterdefendants deny the allegations contained in Paragraph 46.

47. Counterdefendants deny the allegations contained in Paragraph 47.

48. Counterdefendants deny the allegations contained in Paragraph 48.

## ANSWERING THE "WHEREFORE" CLAUSE

49. Counterdefendants deny that Aluc is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Counterclaims fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Aluc's claims are barred in whole or in part by laches.

### THIRD DEFENSE

Aluc's claims are barred in whole or in part by failure of a condition or conditions precedent.

### FOURTH DEFENSE

Aluc's claims are barred in whole or in part by its breach of the License.

### FIFTH DEFENSE

Aluc's claims are barred in whole or in part by the doctrines of unclean hands, acquiescence, estoppel and waiver.

## SIXTH DEFENSE

Aluc's claims are barred in whole or in part because Aluc has not suffered any compensable damages as a result of Counterdefendants' actions.

## SEVENTH DEFENSE

To the extent that Aluc suffered any damages, its claims are barred in whole or in part by its failure to mitigate any damages.

## EIGHTH DEFENSE

Aluc's damages, if any, were caused in whole or in part by Aluc's own acts, omissions, and/or negligent conduct.

**WHEREFORE**, Counterdefendants respectfully requests that the Court:

A. Deny with prejudice each and every demand and prayer for relief sought by Aluc;

B. Dismiss the Counterclaims in their entirety with prejudice;

C. Award FG5 its costs and expenses, including attorneys' fees, in connection with defending against Aluc's claims; and

D. Award Counterdefendants such other and further relief in its favor as the Court deems just and proper.

Dated: New York, New York
July 11, 2016

MATALON ♦ SHWEKY ♦ ELMAN PLLC

By: */s/ Joseph Lee Matalon*
Joseph Lee Matalon

Of Counsel:

Yosef Rothstein
Yelena Rapoport