```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 11/29/16
------------------------------------------------------------- X
                                                           :
FASHION G5 LLC,                                            :
                                                           :
                                      Plaintiff,           :    1:14-cv-5719-GHW
                                                           :
                    -v -                                   :    MEMORANDUM OPINION
                                                           :         AND ORDER
ALUC MARK ANSTALT, G. MARK                                 :
INTERNATIONAL LIMITED, and BORRELLI                        :
LTD.,                                                      :
                                                           :
                                      Defendants.          :
                                                           :
-------------------------------------------------------------X
```

GREGORY H. WOODS, District Judge:

## I. INTRODUCTION

Defendants/Counterclaim Plaintiffs Aluc Marc Anstalt ("Aluc") and G. Mark International Limited ("G. Mark") (collectively, "Defendants") have filed a motion under Fed. R. Civ. P. 25(c) seeking an order dismissing G. Mark as a party to this action, and substituting Aluc for G. Mark with respect to all claims pending against, and all counterclaims asserted by, G. Mark. Defendants argue that Aluc is G. Mark's successor-in-interest with respect to a sub-licensing agreement originally entered into between G. Mark and Plaintiff/Counterclaim Defendant Fashion G5 LLC ("Plaintiff" or "FG5"). Defendants maintain that, as a result, G. Mark should be dismissed from the action, and Aluc should be "substituted" in G. Mark's place. Because the Court finds that Defendants' proposal would have a substantive, and adverse effect on the interests of Plaintiff, and would complicate and prolong the conduct of this ligation, rather than simplify and expedite it, Defendants' motion is denied.

## II. BACKGROUND

Aluc owns the LUIGI BORRELLI trademark (the "Mark"). On October 1, 2010, it entered

into a licensing agreement with G. Mark pursuant to which it granted G. Mark a license to use and display the Mark within a prescribed geographic area.  *See* Licensing Agreement, Dkt. No. 9-5 ("License").  The License provided that either G. Mark or Aluc could terminate the License "at any time, with a [sic] three months [sic] previous notice" to the other party.  *Id.* ¶ 11.1.  G. Mark was also authorized to sub-license the Mark to third parties, *id.* ¶ 7, and on July 1, 2011, G. Mark sub-licensed the Mark to FG5, *see* Sub-Licensing Agreement, Dkt. No. 5-2 ("Sub-License").  Aluc later sent FG5 a letter, dated July 1, 2011, pursuant to which Aluc granted FG5 a right of first refusal ("ROFR") in connection with the Mark.  *See* Letter Agreement, Dkt. No. 5-1.  Among other things, the July 1, 2011 letter provided that:

> [I]n the event that the G. Mark license terminates or otherwise reverts to Aluc during the Term of the License Agreement between G. Mark and [FG5], Aluc shall take over from G. Mark all of G. Mark's obligations and rights pursuant to said license agreement between G. Mark and [FG5] and for the duration of the Term, as set forth in such license agreement, Aluc shall honour all of the obligations of G. Mark provided by such agreement as if Aluc was the "Licensor" pursuant to said Agreement, which Agreement shall remain in full force and effect.

*Id.*  On July 15, 2015, G. Mark sent Aluc a document entitled "Notice of Withdrawal" which communicated that G. Mark would be withdrawing from the License with Aluc.  Notice of Withdrawal, Annexed as Ex. A to Declaration of Maurizio Delnevo (Dkt. No. 179).

FG5 filed this lawsuit on July 25, 2014 and, in an amended complaint filed on September 10, 2014, FG5 alleged that Aluc did not comply with its ROFR obligation and that G. Mark failed to comply with the obligations of the Sub-License.  According to the amended complaint, Aluc failed to comply with its ROFR obligations by accepting a binding offer to purchase the Mark from Borrelli Ltd.  Amended Complaint (Dkt. No. 67), ¶ 71.  With respect to FG5's claims against G. Mark, in brief, the amended complaint asserts two causes of action:  one for damages for breach of paragraph 2.3 of the Sub-License, and one seeking specific performance of certain alleged obligations, pursuant to paragraph 4.1 of the Sub-License.

On September 20, 2016, Aluc filed a motion "seeking an order . . . dismissing G. Mark as a party to this action, and substituting Aluc for G. Mark with respect to all claims pending against, and all counterclaims asserted by, G. Mark, pursuant to Fed. R. Civ. P. 25(c)." Dkt. No. 176. FG5 filed an opposition to the motion on September 30, 2016, Dkt. No. 180, and Defendants filed a reply on October 7, 2016, Dkt. No. 181.

### III.    LEGAL STANDARD

Rule 25(c) of the Federal Rules of Civil Procedure provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." "Rule 25(c) substitution is a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and does not affect the substantive rights of the parties." *Travelers Ins. Co. v. Broadway West Street Assocs.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995) (citing cases).

"Substitution of a successor in interest . . . under Rule 25(c) is generally within the sound discretion of the trial court." *Organic Cow, LLC v. Ctr. For New England Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003) (quoting *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978)); *see also Software Freedom Conservancy, Inc. v. Best Buy Co., Inc.*, No. 09-cv-10155 (SAS), 2010 WL 4860780, at *2 (S.D.N.Y. Nov. 29, 2010) ("[G]ranting substitution of one party in litigation for another under Rule 25(c) is a discretionary matter for the trial court.") (citation omitted). A court may not permit substitution "in the absence of a transfer of interest." *In re Chalasani*, 92 F.3d 1300, 1312 (2d Cir. 1996). Therefore, "a determination that a party is, in fact, a successor-in-interest is a prerequisite to substitution under Fed. R. Civ. P. 25(c)." *Levin v. Raynor*, No. 03-cv-4697 (GBD) (THK), 2010 WL 2106037, at *2 (S.D.N.Y. May 25, 2010).

"The decision to order substitution or joinder is to be made by considering how the conduct of the lawsuit will be most facilitated." *Patsy's Italian Rest., Inc. v. Banas*, No. 06-cv-0729 (RER), 2008

3

WL 495568, at *2 (E.D.N.Y. Feb. 20, 2008) (citation omitted).  The "primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution will expedite and simplify the action."  *In re Rates-Viper Patent Litig.*, No. 09-cv-4068 (LTS) (THK), 2011 WL 856261, at *1 (S.D.N.Y. Mar. 10, 2011) (quoting *Banyai v. Mazur*, No. 00-cv-9806(SHS), 2009 WL 3754198, at *3 (S.D.N.Y. Nov. 5, 2009)).  Thus, substitution is inappropriate where it "would serve only to add duration, costs, and complexity to an action . . . [and] would prolong rather than bring the litigation nearer to its conclusion."  *Advanced Mktg. Group, Inc. v. Bus. Payment Sys., LLC*, 269 F.R.D. 355, 359 (S.D.N.Y. 2010).

As would be expected given the purposes of the rule, substitution under Fed. R. Civ. P. 25(c) is common in cases where a party has ceased to exist, or where a party has transferred its interest in a litigation to a non-party.  *See, e.g., Gen. Elec. Capital Corp. v. Eastern Bus. Sys.*, No. 15-cv-6924 (SJF) (AYS), 2016 WL 3582061 (E.D.N.Y. June 28, 2016) (granting substitution of plaintiff's successor-in-interest by assignment); *Levin v. Raynor*, No. 03-cv-4697 (GBD) (THK), 2010 WL 2106037 (S.D.N.Y. May 25, 2010) (substituting defendant's successor-in-interest following merger); *Dollar Dry Dock Sav. Bank v. Hudson Street Dev. Assocs.*, No. 92-cv-3737 (SAS), 1995 WL 412572 (S.D.N.Y. July 12, 1995) (substituting plaintiff's assignee on ground that it was the "real party in interest").

**IV.   DISCUSSION**

Defendants have not established that Aluc is a successor-in-interest to G. Mark for all purposes in connection with this litigation.  Defendants argue that Aluc is a successor-in-interest to G. Mark with respect to the Sub-License.  Def. Reply Memo (Dkt. No. 181), at 1-2.  In support of this argument, Defendants point to the assignment provisions of the July 11, 2011 letter cited above.  Defendants' understanding of the effect of that provision is explained in a statement by Maurizio Delnevo, a director of Aluc:  "Inasmuch as the G. Mark license has terminated, Aluc has taken over G. Mark's liabilities, if any, of G. Mark, arising from the FG5 claims."  Delnevo Decl. ¶ 9.

4

To resolve this motion, the Court need not rule on the question of whether Aluc has effectively assumed all of G. Mark's contractual interests under the July 11, 2011 letter. Assuming, without holding, that Aluc has assumed G. Mark's contractual obligations under the Sub-License, Defendants have not provided a sufficient basis for the Court to conclude that Aluc has also assumed G. Mark's liabilities for its alleged breach of the contract prior to its assumption by Aluc, and that Aluc is, therefore, the G. Mark's successor-in-interest for purposes of this litigation. Defendants point to the statement by Mr. Delnevo cited above to support their argument. However, that statement on its own cannot reasonably be construed as a legally binding agreement by Aluc to assume the liabilities of G. Mark in connection with this litigation. The statement is, instead, the characterization by Mr. Delnevo, who is not a lawyer, of the legal effect of the July 11, 2011 letter. On its face, the letter does not require that Aluc assume G. Mark's legal liabilities related to any prior breach by G. Mark of the Sub-License. On this record, the Court cannot conclude that Aluc is G. Mark's successor-in-interest for purposes of this litigation.

Nor have Defendants satisfied the other conditions for substitution. In particular, Defendants have not shown that that their proposed substitution would expedite and simplify this litigation. To the contrary, FG5 has argued persuasively that "allowing Aluc to substitute for G. Mark will dramatically impede plaintiff's ability to take discovery." Pl. Memo (Dkt. No. 180), at 6-7. Because the disclosure obligations of Fed. R. Civ. P. 26 only apply to parties, dismissing G. Mark from this case would hamper Plaintiff's ability to take discovery from G. Mark, an entity whose alleged conduct forms the basis for two of Plaintiff's causes of action. Plaintiff has asserted—and Defendants have not denied—that "G. Mark has failed to produce *any* documents" and that Aluc, in its interrogatory responses, has denied basic knowledge about G. Mark. Pl. Memo at 7. As a result, it appears that discovery relevant to Plaintiff's claims against G. Mark cannot be obtained from Aluc and must be sought from G. Mark itself, a process that would be considerably more unwieldy if G.

Mark became a non-party at this late stage in the litigation.

Defendants' proposed use of Rule 25(c) stretches the rule beyond its intended function. Rule 25(c) provides a device for the continuation of an action against a successor-in-interest where doing so would not affect the substantive rights of the parties. While framed as request for a technical "substitution" of a party, the practical effect of the Defendants' request would be the dismissal of Plaintiff's claims against G. Mark—leaving Plaintiff without recourse for G. Mark's alleged prior breaches. Defendants' request must be denied because it substantively prejudices the Plaintiff and impedes the progress of this litigation.

## V.     CONCLUSION

Defendants' motion pursuant to Fed. R. Civ. P. 25(c) is DENIED. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 176.

SO ORDERED.

Dated: November 29, 2016
       New York, New York

_____
GREGORY H. WOODS
United States District Judge